1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CARLTON MARIO SIMS,

11            Petitioner,                    No. CIV S-10-0145 EFB P

12        vs.

13    D. DUCANAY,

14            Respondent.                    <u>ORDER</u>

15    _____/

16        Petitioner, a state prisoner proceeding without counsel and *in forma pauperis*, seeks a

17    writ of habeas corpus. *See* 28 U.S.C. § 2254.  This case is before the undersigned pursuant to

18    petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

19        A judge "entertaining an application for a writ of habeas corpus shall forthwith award the

20    writ or issue an order directing the respondent to show cause why the writ should not be granted,

21    unless it appears from the application that the applicant or person detained is not entitled

22    thereto." 28 U.S.C. § 2243.  It appears on the face of the amended petition that petitioner has

23    failed to exhaust state court remedies as to his challenge to the two-year sentence imposed upon

24    him by the Sacramento County Superior Court.

25        The exhaustion of state court remedies is a prerequisite to the granting of a petition for

26    writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

1

explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  When asked, "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?" petitioner responded "no."  Dckt. No. 8 at 3.  When asked "Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion," petitioner responded "no" and stated that the "time limit expired."  *Id.* at 4.  Thus, it appears that petitioner's claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.

Accordingly, IT IS HEREBY ORDERED that petitioner shall, within 30 days of the date this order is served, demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available.  Petitioner's failure to comply with this order will result in a dismissal upon the ground that petitioner has failed to exhaust state remedies.

Dated:  February 17, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).