IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLTON MARIO SIMS,

    Petitioner,               No. CIV S-10-0145 EFB P

   vs.

D. DUCANAY,

    Respondent.          <u>ORDER</u>

                            /

      Petitioner, a state prisoner proceeding without counsel and *in forma pauperis*, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Before the court is petitioner's February 26, 2010, response to the court's February 17, 2010, order directing petitioner to demonstrate that he has presented his claims to the California Supreme Court or that state remedies are no longer available. In that order, the court noted that it appeared from the amended petition for writ of habeas corpus that petitioner's claims had not been presented to the California Supreme Court. Dckt. No. 9. The court also warned petitioner that his failure to comply with the order would result in dismissal upon the ground that petitioner has failed to exhaust state remedies. *Id.*

////

1

In his response, petitioner states that pursuant to 28 U.S.C. § 2254(b)(3), he would like to waive any and all unexhausted state remedies. Dckt. No. 10.

For the reasons explained below and in the February 17, 2010 order, this action must be dismissed without prejudice. In the February 17, 2010, order, the court explained the exhaustion requirement. In particular, the court explained that a federal habeas petitioner must have presented to the state's highest court the same claims he asserts as grounds for federal habeas relief and that if exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).

Section 2254(b)(3) does not permit petitioner to waive the exhaustion requirement, and petitioner fails to show, as directed by the court, that he has exhausted his state remedies or that they are no longer available. Additionally, a search of the California Supreme Court's website reveals that petitioner has not filed any actions in that court.[1] Petitioner has therefore failed to exhaust state court remedies, as the California Supreme Court has not yet had the opportunity to resolve petitioner's constitutional claims on their merits. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002). This action must therefore be dismissed.

Accordingly, it is hereby ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies;

2. The Clerk is directed to close the case; and

3. The Clerk is directed to serve a copy of this order together with a copy of the amended petition filed on February 5, 2010, on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

DATED: March 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).